UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHERI M. HYDOCK-DICOSIMO,

              Plaintiff,

    v.

                              Case No. 23-cv-1064-pp

FRANK J. BISIGNANO,

              Defendant.

**ORDER GRANTING MOTION FOR AWARD OF ATTORNEY FEES UNDER
42 U.S.C. §406(b)**

On February 28, 2024, the court reversed the decision of the Commissioner and remanded the case for further proceedings under Sentence Four of 42 U.S.C. §405(g). Dkt. Nos. 22, 23. Under the Equal Access to Justice Act, the parties stipulated to an award of attorney fees in the amount of $7,500, dkt. no. 24, which the court awarded on March 20, 2024, dkt. no. 25. After receiving a favorable decision from the Commissioner, the plaintiff filed this motion for attorney fees under 42 U.S.C. §406(b). Dkt. No. 26. The plaintiff's attorney, Dana W. Duncan, seeks an award in the amount of $21,851.25. Id. The defendant neither supports nor opposes counsel's request for attorney fees. Dkt. No. 29 at 1.

## I.    Legal Standard

An attorney who succeeds in obtaining benefits for a Social Security claimant may recover fees under 42 U.S.C. §406. "'Section 406(a) governs fees

1

for representation in administrative proceedings before the Social Security Administration; § 406(b) controls fees for representation in federal court.'" Kopulos v. Barnhart, 318 F. Supp. 2d 657, 660 (N.D. Ill. 2004) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002)). The statute provides for a reasonable fee not to exceed 25% of the past-due benefits awarded to the claimant. Id. at 661. Such fees are deducted from the claimant's benefits and do not constitute an award against the government. Id.

The court must approve any fee under §406(b). Congress did not intend court review to override the claimant and counsel's fee arrangement, but to act as an "independent check" to ensure that the arrangement yielded a reasonable result. Gisbrecht, 535 U.S. at 807. Within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Id. In making its determination, the court may consider the character of the representation and the results obtained, reducing the award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time the counsel spent on the case that the fee would constitute a windfall for the attorney. Id. at 808.

## II. Analysis

Attorney Duncan states that the Social Security Administration withheld 25% of the past due benefits awarded to the plaintiff—or $21,851.25—to pay attorney fees. Dkt. Nos. 26 at 2, 26-2 at 4. Attorney Duncan filed a copy of his fee agreement with the plaintiff, which calls for a payment of 25%. Dkt. No. 26-

2

1 at 1. Counsel represents that he performed 32.40 hours of work and his paralegal performed 15.25 hours; he included an itemization to support his request for an award of fees. Dkt. No. 26-3.

Section 406(b) places two limitations on attorney fee awards: a cap of 25% and a reasonableness requirement. The award the plaintiff's counsel has requested satisfies the first of those limitations; it does not exceed the 25% cap. The overall rate of counsel's and his paralegal's work was approximately $455 per hour. The court finds that this rate is reasonable for the benefit provided to the plaintiff; it previously has permitted payments in excess of $1,000 per hour. Mentecki v. Colvin, Case No. 14-cv-1110-pp, 2019 WL 3323874, *2 (E.D. Wis. July 24, 2019) (citing Peterson v. Colvin, Case No. 12-cv-391 at Dkt. No. 32 (E.D. Wis. Sep. 3, 2015); Kolp v. Colvin, Case No. 12-cv-842, 2015 WL 4623645, at *2 (E.D. Wis. Aug. 3, 2015)). Counsel also obtained favorable results.

The second limitation applies where the plaintiff's attorney receives fees under both the EAJA and §406(b). In that case, the attorney must refund to the plaintiff the smaller fee. Gisbrecht, 535 U.S. at 796. Here, counsel has asked the court to award a net payment of $14,351.25, reflecting an offset for the EAJA award of $7,500. The Seventh Circuit Court of Appeals has stated that a "netting" arrangement of the type requested by Attorney Duncan "is 'disfavor[ed]' in light of the Savings Provision's language that anticipates an attorney to claimant refund." O'Donnell v. Saul, 983 F.3d 950, 957 (7th Cir. 2020) (citing Martinez v. Berryhill, 699 F. App'x 775, 776 (10th Cir. 2017)). The

3

court will grant the plaintiff's motion for attorney fees but will require counsel to refund the EAJA award to the plaintiff.

## III.    Conclusion

The court **GRANTS** the plaintiff's motion for award of attorney fees under 42 U.S.C. §406(b)(1) and approves an award of $21,851.25. Dkt. No. 26.

The court **ORDERS** that upon receipt of the award, counsel must refund to the plaintiff the $7,500 fee previously awarded under the Equal Access to Justice Act.

Dated in Milwaukee, Wisconsin this 10th day of March, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

4